**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

W CHAPPELL MUSIC CORP. d/b/a WC MUSIC            :
CORP., IRISH INTELLECT, and RODSONGS,            :
                                                 :     Civil Action No.  2:23-cv-1789
        Plaintiffs,                              :
                                                 :
    vs.                                          :
                                                 :
RYAN P. FULLER and KRISTY N. FULLER,             :
                                                 :
        Defendants.                              :
------------------------------------------------------------------   x

**COMPLAINT**

Plaintiffs, by their undersigned attorneys, allege:

1.      This is a suit for copyright infringement under Title 17 of the United States Code.

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3.      Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

**THE PARTIES**

4.      The Plaintiffs named in Column 2* are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5.      On information and belief, defendant Ryan P. Fuller is an individual who resides and/or does business in this District.

6.      On information and belief, defendant Kristy N. Fuller is an individual who resides and/or does business in this District.

7.      At all times hereinafter mentioned Ryan P. Fuller and Kristy N. Fuller did, and still do, own, control, manage, operate, and/or maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Tonidale Pub, located at 7001 Steubenville Pike, Oakdale, Pennsylvania 15071.

8.      Musical compositions were and are publicly performed at Tonidale Pub.

9.      Upon information and belief, at all times hereinafter mentioned, Ryan P. Fuller and Kristy N. Fuller had, and still have, the right and ability to supervise and control the activities that take place at Tonidale Pub, including the right and ability to supervise and control the public performance of musical compositions at the establishment.

10.      Upon information and belief, Ryan P. Fuller and Kristy N. Fuller derive direct financial benefit from the public performance of musical compositions at Tonidale Pub.

_____

* All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

## FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

11.     The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 875,000 songwriter, composer, and music publisher members.

12.     Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

13.     Since September 2021, ASCAP representatives have made more than seventy (70) attempts to contact the Defendants, or their representatives, agents, or employees, to offer an ASCAP license for Tonidale Pub. ASCAP's representatives have attempted to contact Defendants by mail, email, phone, and in person.

14.     ASCAP's various communications put Defendants on notice that unlicensed performances of ASCAP's members' musical compositions at Tonidale Pub constitute copyright infringement of ASCAP's members' copyrights in their musical works.

15.     Defendants have refused all of ASCAP's license offers for Tonidale Pub.

16.     Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Tonidale Pub, including the copyrighted works involved in this action, without permission, during the hours that Tonidale Pub is open to the public for business and presenting musical entertainment.

17.    The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

18.    The original musical compositions listed in Column 3 were published on the date stated in Column 5, and, since their respective dates of publication, have been printed and published in strict conformity with Title 17 of the United States Code.

19.    The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

20.    The composition *Play that Funky Music* for which there are entries in Column 7 and 8 is now in the renewal term of copyright, pursuant to 17 U.S.C § 304(a)(2), automatically secured as provided in 17U.S.C. § 304(a)(2)(B)(ii), effective as of the date set forth in Column 8.

21.    Defendants on the dates specified in Column 9 and, upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at Tonidale Pub, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

22.    The public performances at Tonidale Pub of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants, or employees, nor any performer, was licensed by, or

otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

23.     In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

24.     The many unauthorized performances at Tonidale Pub include the performances of the three copyrighted musical compositions upon which this action is based.

25.     At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

26.     The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I.  That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and permanently restrained from publicly performing the aforementioned compositions or any of them and from causing or permitting the said compositions to be publicly performed in Defendants' said premises, or in any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of compositions in any such place or otherwise.

II.  That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III.    That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV.  For such other and further relief as may be just and equitable.

Dated: October 17, 2023                     Respectfully submitted,

                                            BALLARD SPAHR LLP


                                            */s/Elizabeth Seidlin-Bernstein*
                                            Elizabeth Seidlin-Bernstein (PA 317931)
                                            Noah S. Robbins (PA206803)*
                                            1735 Market Street, 51st Floor
                                            Philadelphia, PA 19103-7599
                                            Telephone: (215) 665-8500
                                            Facsimile: (215) 864-8999
                                            E-mail:
                                            SeidlinE@ballardspahr.com
                                            RobbinsN@ballardspahr.com

                                            *Attorneys for Plaintiffs*

                                            * *Pro Hac Vice* application to be filed

**Schedule A**

| Columns 1 Cause of Action | 2 Plaintiff(s) | 3 Musical Composition | 4 Writer(s) | 5 Date of Publication or Registration | 6 Certificate of Registration Number | 7 Renewal Claimant | 8 Renewal Certificate Date and Number | 9 Date of Known Infringement |
|---|---|---|---|---|---|---|---|---|
| 1. | W. CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP. | PLAY THAT FUNKY MUSIC | Robert W. Parissi | August 12, 1976 | EP 360773 | Robert Parissi "As Author" | January 1, 2005 N/A | August 25, 2023 |
| 2. | W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP.  IRISH INTELLECT | JUMP AROUND | Erik Schrody Larry Muggerud David Appell Kal Mann | July 21, 1992 | PA 1-719-145 | | | August 25, 2023 |
| 3. | RODSONGS | ROCK WITH YOU | Rodney L. Temperton | August 9, 1979 | PA 47-557 | | | August 25, 2023 |